We have one case on the calendar for this afternoon, United States v. Cameron, and I'm here, this is Judge Livingston, I'm here with Judge Chen and Judge Nardini, and I see both counsel are ready to proceed, so we'll hear from the appellate. Mr. Greenman? Thank you, Your Honor, may it please the Court. Your Honors, the appellate has raised a number of issues. The first issue that I'd like to discuss with the Court is the fact that it's our belief that the sentencing court committed procedural error in determining Mr. Cameron's criminal history category. Your Honor, I would note that the government has at least ostensibly conceded the issue, at least has agreed with the defense. If the Court were to agree, I think that the one of the primary issues that we would have is what type of remand. I don't mean to be putting the cart before the horse, obviously the Court has not ruled on whether in fact procedural error has been committed, but I would like to address briefly the issue of what type of remand would be necessary in the case, or if the Court were to agree with the parties. This is a case, Your Honors, where Mr. Cameron's then counsel and the government agreed to a plea agreement. The government anticipated that Mr. Cameron's criminal history category would be a 2 based upon the information and the information that it had provided to the defense. The defense took the position that the guideline range should be properly calculated at 21 to 27 months. The government took the position that the parties, the pre-sentence report calculated Mr. Cameron's criminal history category at 5. The defense objected to it, to the criminal history category calculations. The sentencing court made a finding that because there was an intervening arrest, and those are set out of paragraphs, I believe 89 and 90 of the pre-sentence report, the convictions that his criminal history category should be calculated at 5 as opposed to 4. We have cited the case law, we have cited the facts in our papers, we have provided in our supplemental brief an actual computation by the, a graph actually set out by the Sentencing Guideline Commission as to 4A1.2A2, and it's our position that there was no intervening arrest. And the government agrees with you about that, right? I mean, there was the defendant issued or pled guilty. The act that he pled guilty to was issuing a bad check. That act took place at point one, and then he engaged in the unlicensed operation of a motor vehicle before any arrest took place. That's correct, Your Honor. So I won't get into the facts of the case. I think that the court has it and the government and I have both set out the chronology in our papers. The government has suggested that this should be a limited remand. It is our position, Your Honor, is that this should be a full remand for resentencing, because there is a disagreement as to the grouping of the two crimes. Shouldn't we resolve that now? Otherwise, you'll be back up again with the same issue if we leave it. I don't know if the district court, you persuade the district court to go the other way on it. The answer to that, Your Honor, it's sort of interesting. And we noticed in there were two different decisions by the Second Circuit. In two cases, the court said, we are not going to reach the substantive or other error in the case, because we found at least primarily that there was procedural error. And therefore, we're not going to reach the issues of substantive or other error. And therefore, we're not going to recommend it for new sentencing. As a matter of fact, one of the cases suggested that the court should order a new pre-sentence report, start anew, and request new sentencing submissions, and start it off that way. So the bottom line, Your Honor, Judge Chinn, is that the court, this court has ruled previously that there is no need to reach the other. In this case, we're talking about the difference between Criminal History Category 5 and Criminal History Category 4. The parties agree that it should be a 4. I don't know that anything else has changed. The grouping issue has been briefed. Why should we not resolve it, rather than leave it open? Well, certainly you could resolve it, Your Honor. I'm not suggesting, Your Honor, that you can't resolve it. I was just bringing to the fore the fact that we've noticed in a couple of cases where a couple of panels have held that they would not reach any other. You don't think we should resolve it? You think we should just leave it? I think, well, I think it wouldn't be a bad idea to resolve it, Your Honor. And I agree with the court in your analysis when you say, why should we not want to resolve it here in the Second Circuit, so that once the case is remanded, that the same error would not take place a second time. And I think that the court could resolve it. The issue that we have made... Why should we resolve it in your favor, if we do get to it? Your Honor, because it's our position that the harms are basically the same. I know that the sentencing court indicated that there are two separate harms. In the end, though, when you really look at the nature of the harms, the harms are societal. The harms are basically the government, the harms are societal, but the harms are really the same. And as a consequence, based upon... And I was unable, Your Honor, to find any But it's simply our position that the harms are exactly the same. The harms are societal, the harms are the government. Either way, the victim is the same, and therefore, the group... The tax count, I mean, there's pretty concrete harm. I mean, there's a tax loss of more than $800,000. So that's, you know, a type of financial harm. And on the harboring count, it's a more nebulous harm, as the district court found, you know, the integrity of our borders, that kind of thing. I understand that, Your Honor. But if you look at the... Well, when we look at the sentencing submissions by the parties, the defense had taken the And therefore, as he said, he could not have maintained the position hiring and paying the aliens unless he had committed the tax crime. So, and there is case law, Your Honor, as we've indicated, that would suggest that where the two counts are interwoven, the court can consider the harms the same as far as each count. And therefore, the counts should have been or could have been grouped or should have been grouped in this case. Your Honor, as to the other count, the other aspect of the case, that is something that I think that really can't be changed. The sentencing judge basically suggested that it was people like Mr. Cameron, who was a good worker, who never took into account his good works, the 3553, all of the 3553A factors that were set out by the defense. The court seemed to be at least stuck on the issue of the timing of his charitable contributions. In fact, as the record indicates, Mr. Cameron's charitable contributions began well before the time that he was investigated or indicted or convicted of these crimes. They had gone on for a long time. But what happened was that counsel, the day before sentencing, had passed on to the court a videotape, which actually was a news report talking about Mr. Cameron's good work, charitable kindness to a local church, an inner city church where Mr. Cameron had spent approximately $100,000 of his own money to complete a job that the church was unable to pay for. The sentencing court seemed to be more concerned about the timing of his contributions than the contributions themselves. The court did not take into account the fact that the economic harm that was going to, and here, frankly, has befallen Mr. Cameron's company. He had a roofing company, employed maybe 12, 15 different employees who depended upon the business. So there were a number of issues that were raised by the defense with respect to the issue of the court granting a non-guideline sentence for a variance, which the court really did not take into account. And your argument is that this was procedural error for failure to take adequate account of the 3553A factors and also that the sentence imposed was substantively unreasonable as a result. Am I right about that? That's correct, Your Honor. And then procedurally unreasonable as it applied to the guideline calculations as to the first two counts that we raised. Mr. Grieman, you've reserved two minutes of rebuttal. Do you want to continue to reserve those or take some of that time now? If I may, Your Honor, I'd continue to reserve the two minutes. Thank you very much, Your Honor. Ms. Richards? My apologies. May it please the Court, Monica Richards on behalf of the United States. I, first off, do agree that this case should be remanded for the purpose of the adjustment with regard to the CHC, the criminal history category, that is. I maintain, as I did in my brief, that the remand would be limited just to that adjustment to be made. I believe, as I stated in my brief also, that the grouping decision made by the district court was correct. It was quite explicit in addressing the party's arguments in regard to that and find, yes, that there was societal harm with regard to both crimes. But as Judge Chin identified, one was a financial harm and one related, we'll say broadly, to the integrity of the borders. And each of those crimes would have furthered the criminal endeavor here independently of each other. He could have committed the tax crime. He could have committed the harboring crime. And he could have done each of those things separately without needing necessarily to have done the other. Can I ask you, with respect to the government's concession that a limited remand is appropriate here, I can think of at least two different ways that we could go if we were to accept your position. And it wasn't clear to me whether the government was suggesting that we should do something like a Crosby remand, which is how I read some of the language in your brief, to ask the district court, would you have sentenced differently had you known that the criminal history category was four rather than five? And judge, if you answer that question, yes, then proceed to resentencing. Or I suppose the other way to look at it would be a limited remand where we tell the district court, go ahead and do a resentencing. But it's what we would call limited resentencing, where you only rethink one thing, which is the criminal history category. But in those circumstances, the district court would then be obliged to take into account any newly arising issues that had not been waived previously. In other words, wouldn't be blocked by the mandate rule. So I'll make something up. Let's say in the last several months, the defendant had engaged in exceptional post sentencing rehabilitation. That would be the sort of newly arising information that couldn't have been deemed waived because it couldn't have been raised earlier. Do you have a view as to between those two procedural options, or is there a third option that I'm not raising? I appreciate having been asked the question, but I don't know that that's mine to answer. I think that with the concession regarding the criminal history category, but the maintaining that the other procedural issue was correctly decided with regard to the grouping. Then I appreciate that the court, as it's outlined, has those two options. I understand that once the criminal history category changes, that's the only change that would happen. That's what the government has maintained, is that that's the only change that would happen. However, correctly noted, is that at this point in time, the court could, if it was a full resentencing, consider other factors, especially with regard to the 3553A factors. But if a Crosby remand is what would avoid that, or would limit or curtail the district court's options, given the extensive consideration given during the first sentencing, I think that would be satisfactory, of course. I would note just, I'm sorry if I jump away from that too soon. I hear the argument with regard to the district court not having considered the other mitigating factors, but I just need to make sure it's clear that here with regard to that range that was imposed, it was the very lowest end of that range. 51 to 63 months was the range that was computed, and the district court did impose a 51-month sentence. So I heard arguments regarding failure to consider mitigating factors, but in order to satisfy or to jump down below that level, it isn't just a matter of the good deeds and the good works and the other notes made with regard to beneficence on his client's part. But my opponent seems to be asking for a lot more than what was available, given the range that was calculated. Can I just go back to the question of the Crosby remand for a moment? And correct me if I'm wrong, but my understanding is that fixing the error with regard to the criminal history changes the guidelines range here, and the overlap is just that 51 months. So the low end of the erroneously calculated range is now the high end of the new range. Am I right about that? Correct. Have you run across any case where a Crosby-style remand was done in a situation like that, where there's an error that affected the guidelines range in that way? I understand the court's question. I'm sorry, I'm not prepared to answer it, and I could do a bit of research and do a post-trial letter brief if that's appropriate. I think we can do it. I just thought you might have looked at the question. I'm sorry. Otherwise, I think I'll stop there. There is the substantive argument to be made, but given the concern and the concession with regard to the change in the CHC, again, this district court has experienced and has done many a sentencing. And in issuing the sentence at 51 months, the low end of the range that certainly couldn't be said to have been substantively unreasonable were the court to reach that issue. Thank you. We'll hear rebuttal. Thank you, Your Honor. Your Honor, to answer maybe Judge Nardini's query, I think it's the position of the defense that if the court finds that there was procedural error, it's our position, as I've indicated before, that the matter should be remanded for resentencing, not for a partial or a Crosby resentencing. And I just happened to notice, I had made a note here where this court had ruled not that long ago, the court had found that an incorrect calculation of an applicable guideline range will taint the guidelines and non-guideline calculations. That's United States v. Fagans, F-A-G-A-N-S at 406 Fed 3rd 138. And as I indicated, there are other cases that talk about the fact that the matter should be remanded for full reconsideration on the issue of sentencing with the correct calculations in mind. So it's our position that we should be able to go back and start anew and make the arguments maybe as they were made, maybe there are some more. And I think that the issue was brought up about what if there are some intervening issues, should those be considered by the sentencing court? And I believe that they should be considered. Matter of fact, in this case, the record will reveal that we filed a motion a long time ago for a compassionate release for Mr. Cameron. The problem was we couldn't because the matter of the jurisdiction was in the Second Circuit Court of Appeals and this court could not consider it. And the district court did not, or at least did not rule or did not act on our application so that we could get into the Second Circuit. Jurisdictionally, we had no way of getting in. And I think that it would be fair for the court to consider everything. I think that we would be able to raise some medical issues that have arisen that Mr. Cameron has suffered from while he's been incarcerated and they go beyond simply COVID. That's one of the issues. But there are other medical issues that he has faced and continues to face that we believe that on a remand, on a resentencing that the court should be allowed to consider. So we would ask the court to allow the remand to include a full resentencing with a new PSR, with a new sentencing submissions by the court as we've indicated this court has found is appropriate in the past. And we think that that would be fair. And under the circumstances, at least give Mr. Cameron an even playing field. Thank you, Mr. Greenman. I will take the matter under advisement. And that's the only case we're hearing this afternoon. So I'll ask the clerk to adjourn court.